IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDRE BOWLDS, # Y-11377,

    Plaintiff,

vs.                                         Case No. 18-cv-1283-DRH

DR. SCOTT,
JOHN DOES #1 & #2,
PHYSICAL THERAPIST,
WEXFORD,
and WARDEN,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. See *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

2

## **The Complaint**

Plaintiff's brief statement of claim alleges that when he arrived at Pinckneyville on an unspecified date, he had a cast on his leg or foot. (Doc. 1, pp. 5, 7). The cast had been on for only one month, and Plaintiff was supposed to use crutches to walk. (Doc. 1, pp. 5, 7). Unidentified prison officials ("they") would not allow Plaintiff to use his crutches, so he was made to walk on the broken foot. *Id.* As a result, Plaintiff's foot started to swell up. Plaintiff told Dr. Scott that his crutches had been taken away. Dr. Scott said he would look into the matter, but he never did. (Doc. 1, p. 5).

A couple months later, Dr. Scott removed the cast. (Doc. 1, pp. 5, 7). Ever since then, Plaintiff has been unable to stand on the foot, and the foot swells up. Plaintiff's leg has also started to swell. (Doc. 1, p. 5). Plaintiff claims that Dr. Scott removed the cast too soon, and had Plaintiff begin walking on it too soon. (Doc. 1, p. 7).

At some point, Dr. Scott sent Plaintiff to physical therapy to help him with walking. However, Plaintiff continues to walk with a very bad limp. He also has a lot of pain when he sits. (Doc. 1, p. 7).

Plaintiff attaches a grievance dated June 5, 2017, in which he states that the removal of his cast took place almost a year before that date. (Doc. 1, p. 8). He went several times to the Defendant Physical Therapist, who noted blisters and other problems with Plaintiff's feet. *Id.* Eventually, the Physical Therapist said there was nothing more he could do for Plaintiff, and that he would refer Plaintiff

back to the doctor. However, that referral was never made. Plaintiff had put in a sick call request for his foot problems but had not received a response. (Doc. 1, pp. 8-9). He is an "insulin-dependent diabetic" and needs to address any foot conditions promptly. At the time he wrote the grievance, Plaintiff still had blisters on his foot. (Doc. 1, p. 9).

Plaintiff seeks monetary damages for the violation of his rights. (Doc. 1, p. 6).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Scott and the Physical Therapist, for failing to properly treat the complications Plaintiff experienced from his broken foot;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against John Does #1 and #2 (Correctional Officers in Segregation), Wexford, and the Pinckneyville Warden, for issues related to Plaintiff's broken foot.

Count 1 shall proceed for further review in this action. However, Count 2 and the associated Defendants shall be dismissed without prejudice, for failure to state a claim upon which relief may be granted.

**Count 1 – Deliberate Indifference – Dr. Scott & Physical Therapist**

Plaintiff had a broken foot which was still in a cast when he first saw Dr. Scott at Pinckneyville. This, coupled with Plaintiff's diabetes, indicates that Plaintiff suffered from an objectively serious medical condition. These facts satisfy the objective portion of a deliberate indifference claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff states that after his crutches were taken away and his foot began to swell up, he told Dr. Scott about these problems. However, Dr. Scott never took any action to have Plaintiff's crutches returned, and did nothing to address the swelling or to prevent harm to Plaintiff from having to walk on his broken foot. The Complaint therefore supports a claim against Dr. Scott for deliberate indifference to a serious medical need. Plaintiff may proceed with this portion of Count 1. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) ("Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.") (internal citations and quotations omitted).

Plaintiff further alleges that Dr. Scott had his cast removed "too soon," and had him walk on the injured foot too soon. (Doc. 1, p. 7). These actions could amount to malpractice or negligence, but Plaintiff's opinion about the timing of the cast removal or when it was advisable for him to walk on the foot will not support a deliberate indifference claim. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) (a defendant's inadvertent error, negligence or even ordinary

5

malpractice does not violate the Eighth Amendment). Dr. Scott's action of sending Plaintiff for physical therapy appears to be a reasonable response to Plaintiff's need for rehabilitation following the foot injury, and also does not indicate deliberate indifference on Scott's part. Accordingly, consideration of the claim against Dr. Scott in Count 1 shall focus on the failure to address Plaintiff's need for crutches or other measures to prevent him having to walk on his injured foot, and Scott's failure to address Plaintiff's foot swelling.

Turning to the Defendant Physical Therapist, Plaintiff cannot pursue a constitutional claim based on the failure of the therapy to correct his foot problems or his limp. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008) (treatment that proves to be ineffective does not amount to a constitutional violation). However, the Physical Therapist's alleged failure to refer Plaintiff back to the doctor for follow-up treatment of his foot blisters or other problems may support a deliberate indifference claim. Plaintiff may therefore proceed with the deliberate indifference claim in Count 1 against the Physical Therapist for failure to make a doctor referral. However, Plaintiff must identify this individual by name before the Complaint can be served on him.

### Dismissal of Count 2 – John Does, Wexford, and Warden

Plaintiff names the John Doe Segregation Correctional Officers, Wexford, and the Warden[1] as Defendants in this action, however, he fails to mention any of them in the statement of claim or accompanying documents. Plaintiffs are required to associate specific defendants with specific claims, so that defendants

---

[1] The Warden is included only in the caption of the Complaint. (Doc. 1, p. 1).

are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Additionally, the Pinckneyville Warden cannot be held liable for any unconstitutional conduct of subordinate employees, merely because the Warden may have had supervisory authority over them. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Similarly, Wexford (the Court assumes that Plaintiff is referring to Wexford Health Sources, Inc.) cannot be held liable solely on the basis that it provides medical care at the prison and employs the prison doctors and other health providers. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). The Complaint includes no facts to indicate that any individual Defendant acted

or failed to act as a result of an official policy espoused by Wexford.

Because the Complaint does not disclose what, if anything, the John Does, Wexford, or the Warden did to violate Plaintiff's rights, Plaintiff fails to state a viable claim against them. Accordingly, Count 2, the John Doe Officers #1 and #2, and Wexford shall be dismissed from the action without prejudice.

The Pinckneyville Warden, however, shall remain in the action in her official capacity only, for the reason explained below.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against the Defendant Physical Therapist, as delineated above. However, this Defendant must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, while no viable claim has been stated against the Pinckneyville Warden in her individual capacity, she shall remain as a Defendant in her official capacity only. In that capacity, she shall be responsible for responding to discovery aimed at identifying this unknown Defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the

Defendant Physical Therapist is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on the named Defendant who remains in the action, and on the Warden. No service shall be made on the dismissed Defendants.

### Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **JOHN DOES #1 and #2 (Correctional Officers, First Shift, Segregation),** and **WEXFORD** are **DISMISSED** from this action without prejudice. All claims against the **WARDEN** in her individual capacity are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SCOTT** and the **PINCKNEYVILLE WARDEN (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the

Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **PHYSICAL THERAPIST** until such time as Plaintiff has identified him/her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3) and a plan for discovery aimed at identifying the unknown defendant with particularity.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.16
14:17:38 -05'00'

**United States District Judge**